## EDWARD UPTON *vs.* ABIEL HOLDEN.

Where a collector, appointed by commissioners under the Rev. Sts. c. 115, regulating "proceedings for improving meadows," &c., has a warrant from such commissioners, lawful on its face, directing him to collect assessments made by them on the proprietors of meadows, &c., and he seizes and sells the property of such proprietors, pursuant to his warrant, he is not liable to an action of trespass, although the proceedings previous to the issuing of the warrant were not such as authorized the commissioners to make the assessments. Such warrant is his sufficient justification

TRESPASS for taking and carrying away the plaintiff's goods The defendant justified under a warrant, issued by commissioners appointed by the court of common pleas, under the law (Rev. Sts. c. 115,) regulating 'proceedings for improving meadows, swamps and low lands.'

At the trial, in the court of common pleas, at the last March term, it appeared that Henry Bancroft and others presented a petition to said court, at the March term thereof, 1839, representing that they were owners, and a majority in interest, of certain tracts of meadow land on Saugus River, containing between 300 and 400 acres, known by the name of Reedy Meadows,

and that by clearing said river, and opening proper ditches leading thereto, the owners of said lands would be enabled to procure therefrom a great amount of peat, for fuel; and therefore praying said court to appoint commissioners to view said lands, and to perform all acts which would enable the proprietors of said lands to carry into effect the contemplated design, agreeably to the statute in such case made and provided.

It further appeared that such proceedings were had on said petition, that said court, at June term 1839, granted the prayer of said petition, and appointed Asa T. Newhall, Ebenezer King and Edmund Parker, commissioners, and empowered them "to determine and prescribe the measures to be adopted" for the purpose of making the "improvements" aforesaid, in said meadows, "and the means of executing the same, according to the provisions of the law": That the said commissioners, on the 15th of May 1840, issued a warrant, under their hands and seals, directed to the defendant, wherein (after reciting their appointment and proceedings) they set forth an apportionment, among the several proprietors of said meadows, including the plaintiff, of the expense of the improvements thereof, made under their direction, and of executing their commission, and requiring the defendant to levy and collect of the proprietors, named in the warrant, the several sums therein set against their respective names, and to distrain the goods and chattels of any one of them who should neglect or refuse to pay the same, after demand of payment thereof made by the defendant.

It also appeared that the defendant, by virtue of said warrant, and after demand on the plaintiff for payment of the sum therein set against his name, and after the plaintiff's refusal to pay the same, seized and sold the goods described in the plaintiff's writ.

The plaintiff objected, that said warrant did not afford a justification to the defendant, because the order of the court to said commissioners did not describe said meadows, or any part thereof, as situate in this county; nor set out, specifically, the improvements proposed to be made; nor aver that the court had made any adjudication that the improvements prayed for would be for the general benefit of the owners of the meadows; nor

show that the court heard the petitioners ; nor that a majority in interest of the owners of the meadows applied for the appointment of commissioners. All these objections were overruled.

The plaintiff then offered evidence to prove that the commissioners did not give the proprietors of the meadows an election to do the work directed by the commissioners to be done ; that they did not appoint suitable persons to do said work ; that the plaintiff had no notice of the pendency of the original petition of said owners ; that the commissioners did not give notice to a majority of said proprietors, before making the assessment ; that a majority in interest of said proprietors did not join in the original petition ; that certain notices, ordered by said commissioners to be given, were not given ; and that the plaintiff was not a proprietor of any of the lands upon which improvements were made, or which were described in the original petition.

The presiding judge rejected this evidence. A verdict was returned for the defendant, and the plaintiff alleged exceptions.

*N. J. Lord & Ward*, for the plaintiff.

*Huntington & Newhall*, for the defendant.

DEWEY, J. The objections taken to the proceedings of the commissioners are not open to the plaintiff in this action The defendant justifies as a collector of taxes or assessments, made upon the proprietors of Reedy Meadows, to reimburse the expenses incurred in draining said meadows. The general authority for proceedings in cases of this nature is found in the Rev. Sts. *c.* 115. Sect. 8 provides that the commissioners may appoint a collector of the moneys assessed, and shall give him a warrant to collect the same, and that such " collector shall have the same power, and shall proceed in like manner, in collecting the said assessments, as may be provided for the collecting of town taxes."

No exception is taken to the form of the collector's warrant, or to the manner of his proceedings under it. The collector holds a warrant apparently lawful, and coming from authority which apparently has jurisdiction over the subject matter. This, in cases of collectors of town taxes, is held a sufficient justification in an action of trespass for a levy under such warrant.

*Colman* v. *Anderson*, 10 Mass. 118. *Stetson* v. *Kempton*, 13 Mass. 283. We think the same rule applies to cases of collectors of assessments, appointed by commissioners under the Rev. Sts. *c.* 115, "for improving meadows," &c. Full provision is made in that chapter, § 16, for all persons finding themselves aggrieved by any doings of the commissioners, to correct the error by an appeal to the court of common pleas, which has, by § 17, full power, on such appeal, to make such order therein, as law and justice shall require. And by § 19, the further privilege is given of a bill of exceptions, by which the case may be removed to this court, if any questions arise in matter of law.

Whether there be also a further remedy against the commissioners themselves, who may issue the warrant, where the previous proceedings have been irregular, is a question we have not considered. We think the warrant is a sufficient justification to the collector.

*Exceptions overruled.*